UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WERNEGREEN,<br><br>  Plaintiff,<br><br>  v.<br><br>GALACTIC CO., LLC,<br><br>  Defendant. | Case No. 1:24-cv-01405-CDB<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO PROSECUTE THIS ACTION AND TO COMPLY WITH THE COURT'S ORDERS<br><br>ORDER CONTINUING THE MANDATORY SCHEDULING CONFERENCE<br><br>ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE OF THIS ORDER AND TO FILE PROOF OF SERVICE<br><br>**FIVE-DAY DEADLINE** |

Plaintiff John Wernegreen ("Plaintiff") initiated this action with the filing of a complaint on November 14, 2024. (Doc. 1). The next day, the Clerk of the Court issued summons for service upon Defendant Galactic Co., LLC, and the Court entered an order setting a mandatory scheduling conference for February 12, 2025. (Docs. 3-4). The Court's order directed Plaintiff to "diligently pursue service of summons and complaint" and "promptly file proofs of service." (Doc. 4 at 1). The order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants." *Id*. To date, Plaintiff has not filed proofs of service nor any report setting forth an explanation for the

failure, and no Defendant has appeared in the action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

The Court notes that given this is the second time recently it has been compelled to admonish counsel for Plaintiff to diligently comply with the Court's orders, local rules and Rule 4(m) (*see Harris v. Galactic Co., LLC*, No. 1:24-cv-01347-CDB, Doc. 5), sanctions appear warranted.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within five (5) days of entry of this order, Plaintiff SHALL show cause in writing why sanctions should not be imposed – including dismissal of any unserved Defendant or this action in its entirety – for Plaintiff's failure to prosecute, failure to serve the summons and complaint in a timely manner, and failure to promptly file proof of service. Filing summons returned executed following entry of this order WILL NOT relieve Plaintiff of her obligation to respond to this order in writing.

IT IS FURTHER ORDERED that the scheduling conference previously set for February 12, 2025, is CONTINUED to March 31, 2025, at 10:00 a.m.

///

///

///

///

And IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this order on Defendant within five (5) days of entry of this order and promptly file proof of service thereof.

**Any failure by Plaintiff to timely respond to this order to show cause will result in the imposition of sanctions, including a recommendation to dismiss this action.**

IT IS SO ORDERED.

Dated:    **February 7, 2025**

_____
UNITED STATES MAGISTRATE JUDGE